**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JEAN E. JOSEPH,**

      **Plaintiff,**

**vs.**                                  **Case No. 4:11cv34-MP/CAS**

**OFFICER R. GORMAN,**

      **Defendant.**

_____/


## SECOND REPORT AND RECOMMENDATION[1]

Defendant Gorman filed a motion for summary judgment on January 8, 2013, doc. 86, supported by numerous exhibits and an additional affidavit, doc. 87, filed separately. Plaintiff was advised of his obligation to respond to the motion for summary judgment, doc. 88, and has been given additional time to do so in light of the many mail returns in this case. *See* docs. 94, 96, and 97. In early February 2013, Plaintiff filed a notice of change of address. Doc. 98. The Clerk of Court provided Plaintiff with a copy of the prior court orders which Plaintiff did not receive (docs. 92, 95). Doc. 99. The last

---

[1] The first report and recommendation, doc. 51, ruled on the motion to dismiss, doc. 38, filed by Defendant Gorman and was adopted. Doc. 65. The motion to dismiss was denied as to the arguments that Plaintiff did not exhaust administrative remedies and the complaint failed to state a claim, but granted as to Defendant's Eleventh Amendment immunity defense. Doc. 65.

Order cautioned Plaintiff he must keep the Court informed as to his current mailing address. That Order was not returned to the Court as undeliverable and, thus, it must be presumed that Plaintiff received the Order. Plaintiff has not, however, filed a response in opposition to the summary judgment motion.

**Plaintiff's Allegations in the Complaint, doc. 25**

The complaint alleges that on July 30, 2010, Plaintiff was taken to the Medical Center at Lake Butler. Doc. 25. Defendant Gorman, along with Officer Murphy, were transporting Plaintiff in a van. When they arrived and Plaintiff was exiting the van, Defendant Gorman directed Plaintiff to "come down backward from the van." *Id.* Plaintiff reports that he proceeded to do as ordered, and just as Plaintiff "reached the footstool on the ground, [Defendant] Gorman kick[ed] the footstool out of [Plaintiff's] way." *Id.* Plaintiff alleged that he was leg shackled and handcuffed at the time, and he fell on the ground and was injured. Plaintiff claimed an equal protection violation, that Defendant Gorman "put [him] under cruel and unusual punishment" in violation of the Eighth Amendment, and also violated Plaintiff's "right as a person under the" Fourth Amendment. *Id.,* at 10.

**Standard of Review**

On a motion for summary judgment, the defendant initially has the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). If he does so, the burden shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id*. An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern

Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). A plaintiff

must show more than the existence of a "metaphysical doubt" regarding the material

facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S.

574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence

is insufficient. The Court must decide "whether the evidence presents a sufficient

disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v.

Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986). All

reasonable inferences must be resolved in the light most favorable to the nonmoving

party, Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999), if there is a

genuine dispute as to those facts. Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769,

167 L.Ed.2d 686 (2007), *cited in* Ricci v. DeStefano, 129 S.Ct. 2658, 2677 (2009).

"Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no genuine issue for trial." Matsushita Elec. Industrial Co.,

475 U.S. at 587 (internal quotation marks omitted), *quoted in* Ricci, 129 S.Ct. at 2677.

   "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by

her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on

file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v.

Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting*

Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The

nonmoving party need not produce evidence in a form that would be admissible as Rule

56(e) permits opposition to a summary judgment motion by any of the kinds of

evidentiary materials listed in Rule 56(c).  <u>Owen v. Wille</u>, 117 F.3d at 1236; <u>Celotex</u>, 477 U.S. at 324, 106 S. Ct. at 2553.

Local Rule 56.1(A) provides that a motion for summary judgment "shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried."  The Local Rule also provides that the statement "shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied upon material fact, by page, paragraph, number, or other detail sufficient to permit the court to readily locate and check the source."  The Local Rule provides that the party opposing the motion shall serve a similar statement of material facts as to which the party contends there is a genuine issue to be tried, using the same format.  Facts set forth in Defendant's statement will be deemed admitted (if supported by the record evidence) unless controverted by Plaintiff's statement.

**The relevant undisputed Rule 56(e) evidence**

During the relevant time period, Defendant Gorman was a correctional officer employed by the Florida Department of Corrections.  Doc. 86 at 1.  Gorman submitted an affidavit in which he described the procedures for transporting inmates.  Ex. B (doc. 86-2).[2]  He explained that once the inmates are properly restrained, they are brought to the transport "van where the side doors are opened and the large wooden box/stool is placed on the ground."  *Id.*  The step box facilitates a restrained inmate's boarding into,

---

[2] Since only the Defendant submitted evidence, all references to exhibits are to those attached to document 86.

and exiting from, the van. *Id.* "In addition, an officer usually stands to the side and grasps the inmate by the arm assisting him into the van." *Id.*

On July 30, 2010, six inmates were escorted by Defendant Gorman and Officer Murphy from Taylor Correctional Institution to the Reception and Medical Center at Lake Butler, Florida. Doc. 86, Exhibits B, C, and L. On that day, Gorman was assisting the inmates in exiting the van, and at approximately 7:00 a.m., Gorman helped Plaintiff exit the van. Ex. B. Gorman was standing to the left of Plaintiff, holding Plaintiff's left arm in his right hand. *Id.* As Plaintiff exited the van facing forward, his leg irons became entangled causing him to fall forward out of Gorman's grasp. Ex. B at 2. Plaintiff fell onto his "left side hitting his head." *Id.*; see also Ex. D. Officer Murphy and Gorman immediately helped Plaintiff get back on his feet, and Gorman escorted Plaintiff "directly to the RMC emergency room to be evaluated by medical staff." Ex. B at 2. Gorman reported the incident to the shift supervisor and he completed an incident report and Inmate Report of Injury documenting the accident. *Id.*

Gorman states in his affidavit that he is physically unable to kick the wooden step box, which weighs approximately fifteen pounds, because of military service connected disabilities and other injuries. Ex. B at 2. Further, Gorman flatly denies kicking the wooden step box out from under Plaintiff as he exited the van. *Id.* Gorman states that he "made every attempt physically possible to keep a hold of [Plaintiff] when he started to fall forward." *Id.* at 2-3.

The Inmate Report of Injury provides several witness statements which also demonstrate that Plaintiff fell through no fault of Defendant Gorman. Officer Murphy stated that Gorman was assisting Plaintiff "off the van by holding to his arm when

[Plaintiff] stepped on his leg iron chain causing him to fall." Doc. 87 at 8. Murphy

reported that Defendant "Gorman tried to prevent the fall, but the inmate slipped out of

his grasp." *Id.* In addition to the assisting officer's statement, inmate Herbert Holmes

also provided a statement which explained that Plaintiff "simply came out of a dark van

into the sunlight and tripped and fell on his own." *Id.* at 9. Inmate Holmes also stated

that the "officer helping him down simply did not have time to catch him." *Id.* He added

that Plaintiff's fall was due to "no fault of the officer or anyone else." *Id.*

**Analysis**

"[W]hen the State by the affirmative exercise of its power so restrains an

individual's liberty that it renders him unable to care for himself, and at the same time

fails to provide for his basic human needs--e.g., food, clothing, shelter, medical care,

and reasonable safety--it transgresses the substantive limits on state action set by the

Eighth Amendment. . . ." Helling v. McKinney, 509 U.S. 25, 31-32, 113 S. Ct. 2475,

2480, 125 L. Ed. 2d 22 (1993), *quoting* DeShaney v. Winnebago County Dept. of Social

Services, 489 U.S. 189, 199-200, 109 S. Ct. 998, 1005-1006, 103 L. Ed. 2d 249 (1989).

To prevail on an Eighth Amendment claim, Plaintiff must prove a (1) condition of

confinement that inflicted unnecessary pain or suffering (the objective component), (2)

deliberate indifference to that condition (the subjective component), and (3) causation.

LaMarca v. Turner, 995 F.2d 1526, 1535 (11th Cir. 1993), *cert. denied*, 510 U.S. 1164

(1994) (citations omitted).

"The objective component tests whether that punishment is objectively harmful

enough to violate the constitution." Tittle v. Jefferson County Comm'n, 10 F.3d 1535,

1541 (11th Cir. 1994)(Kravitch, J., concurring, citations omitted). With respect to the

subjective component, negligence, or a lack of due care under the circumstances, is insufficient to show a violation of the constitution. <u>Davidson v. Cannon</u>, 474 U.S. 344, 347, 106 S. Ct. 668, 671, 88 L. Ed. 2d 77 (1986). Proof of deliberate indifference is required. "Deliberate indifference" is a culpable state of mind of the Defendant to unnecessarily and wantonly inflict pain or harm to a prisoner. <u>Wilson v. Seiter</u>, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991). To prove deliberate indifference, a "plaintiff must prove that the [defendant] possessed knowledge of the infirm condition and of the means to cure that condition, so that a conscious, culpable refusal to prevent the harm can be inferred from defendant's failure to prevent it." <u>LaMarca</u>, 995 F.2d at 1536 (quotation and citation omitted).

Here, the evidence is undisputed that Defendant did not intend to cause harm to Plaintiff. This was a simple slip and fall, and Defendant has not been shown to have intended that Plaintiff should fall. Defendant's motion for summary judgment, doc. 86, should be granted.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, doc. 86, be **GRANTED** and the Clerk of Court be directed to enter judgment in Defendant's favor.

**IN CHAMBERS** at Tallahassee, Florida, on April 5, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.